sel asks for her in his brief submitted upon the argument, and substantial justice and equity are apparently done in the premises.

Judgment should be ordered for the plaintiff against the defendant for $392.25, with interest from July 1, 1901, with costs. All concur.

(75 App. Div. 199.)

### WOODCOCK v. GLADDINGS et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. JUSTICE OF THE PEACE—JURY—DEFECT IN VENIRE.

A defect in the jury list or venire does not deprive a justice of the peace of jurisdiction, or authorize his dismissing an action, but he should draw another jury as provided by Code Civ. Proc. § 2997.

Appeal from Saratoga county court.

Action by Miles G. Woodcock against Agnes S. Gladdings and another. From a judgment of the county court reversing a judgment of a justice of the peace, which dismissed the action, defendants appeal. Affirmed.

The following is the opinion of the court below (Rockwood, J.):

For the recovery of a demand of $200, the plaintiff brought action in a justice's court of the town of Hadley. Issue was joined, and the defendants demanded a trial by jury, at the same time objecting that the jury list in the possession of the justice had not been furnished by the town clerk as required by law. No legal proof was presented in support of this motion, which was overruled, the jury drawn, and a venire issued. Upon the adjourned day the defendants renewed their objection, and asked for a dismissal of the action. This objection is given in the return in the following language: "Defendants and each of them,—it now appearing, from the statement of the justice, that the list of names from which the jury were drawn was not a certified copy of the jury list of said town, certified to by the town clerk, and put in the justice's possession by the clerk of the town, but was handed to the justice by E. G. Dunklee, a former justice of this town,—object to the jurisdiction of the court, and ask for a dismissal of the action on all of the grounds stated in the objection made to the drawing of the jury on the return day." The plaintiff thereupon consented "that a new jury be drawn from a legally certified list," but this offer was not accepted. The motion to dismiss was then granted, and judgment entered in favor of the defendants, and against the plaintiff, for costs in the sum of $9.55, from which the plaintiff has appealed to this court. There was manifest error in the assumption of the justice that a defect in the jury list or the venire deprived him of jurisdiction. He should have set aside the venire, and drawn another jury from a proper panel without dismissing the action. Code Civ. Proc. § 2997. The effect of his ruling was a summary denial to the plaintiff of his legal right to proceed with the trial of his suit. A somewhat similar question was considered in Blanchard v. Richly, 7 Johns. 198, and it was held that a default in the return of a venire would not entitle the defendant to have the plaintiff nonsuited, but that a new venire would be issued. The judgment appealed from must be reversed, with costs.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

G. R. Salisbury and H. E. McKnight, for appellants.
C. S. Enches (J. H. Bain, of counsel), for respondent.

PER CURIAM. Judgment unanimously affirmed, with costs, on opinion in court below.